**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SHARKNINJA OPERATING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: _____ |
| v. | ) | |
| | ) | |
| THE HAPPY STORE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, SharkNinja Operating LLC ("Plaintiff" or "SharkNinja"), by and through its undersigned counsel, complains of the conduct of Defendant The Happy Store LLC ("Defendant") and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1.      SharkNinja seeks injunctive and monetary relief for Defendant's trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's infringing conduct.

2.      This case concerns Defendant's wrongful, unauthorized promotion and sale of SharkNinja's products (hereinafter, the "SharkNinja Products") through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise that the SharkNinja Products it offers for sale and sells are in "new" condition, when they are not.

3.      Specifically, despite advertising and offering for sale SharkNinja Products in "new" condition, the SharkNinja Products Defendant actually sells and delivers to consumers are, in fact, used and/or returned products in damaged condition that have been purchased and sold once previously, and, therefore, are used and not "new" as Defendant advertises.

4.      Defendant falsely advertises to consumers on Amazon.com that the SharkNinja Products it offers for sale are "new" and, thus, protected by the SharkNinja Warranties, in a scheme to deceive consumers into believing that Defendant's SharkNinja Products are the same as those sold by SharkNinja or its Authorized Internet Resellers, when they are not.

5.      Consumers are likely to be and have been actually confused by Defendant's sale of SharkNinja Products that are being falsely advertised as "new" products when they are, in fact, used products not protected by the SharkNinja Warranties.

6.      Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce, a likelihood of confusion and deception amongst consumers of SharkNinja Products, to the irreparable injury of SharkNinja.

7.      As a result of Defendant's actions, SharkNinja is suffering a loss of the enormous goodwill that SharkNinja has created in the SharkNinja brands and SharkNinja Products, and is losing profits from lost sales of products.  This action seeks permanent injunctive relief and damages for Defendant's false advertising, trademark infringement and unfair competition.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9.      This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

10.     This Court has personal jurisdiction pursuant to Mass. Gen. Laws c. 223A § 3 because Defendant has sold, offered for sale, or otherwise distributed SharkNinja Products to residents of the Commonwealth and this District; because Defendant has caused tortious injury to

SharkNinja within the Commonwealth and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth and this District; because Defendant regularly conducts business within the Commonwealth and this District; and because Defendant enters into sales contracts with residents of the Commonwealth and this District.

11.    Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

12.    Plaintiff SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Needham, Massachusetts.  SharkNinja designs, manufactures, and sells a variety of household and cleaning products and accessories under the "Shark" and "Ninja" brand names.  SharkNinja sells its products on the Internet through its Authorized Internet Reseller Network.

13.    Upon information and belief, Defendant The Happy Store LLC is a Texas corporation with its principal place of business located at 539 W. Commerce St, Dallas TX 75208. Defendant does business or has done business and sold products to consumers, including SharkNinja Products, within the Commonwealth of Massachusetts and this District through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "thehappystore." Defendant conducts business under the Amazon Seller ID A3QZEZE55VH2T8.

## FACTS

***SharkNinja's Trademark Usage***

14.     The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with household and cleaning products and accessories (hereinafter, the "SharkNinja Marks").  The SharkNinja Marks include, but are not limited to:

| Mark | Registration No. | Registration Date |
|---|---|---|
| SHARK | 4,329,299 | April 30, 2013 |
| SHARK | 2,771,850 | October 7, 2003 |
| SHARK IQ ROBOT | 6,131,311 | August 18, 2020 |
| NINJA | 5,453,690 | April 24, 2018 |

15.     The SharkNinja Marks have been in continuous use since at least their respective dates of registration.

16.     SharkNinja advertises, distributes, and sells its SharkNinja Products to consumers under the SharkNinja Marks.

17.     SharkNinja has also acquired common law rights in the use of the SharkNinja Marks throughout the United States.

18.     The federal trademark registrations for the SharkNinja Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the SharkNinja Marks.

19.     SharkNinja has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the SharkNinja Marks throughout the United States and the world.  As a result of such advertising and promotion,

SharkNinja has established substantial goodwill and widespread recognition in the SharkNinja Marks, and the marks have become associated exclusively with SharkNinja and its products by both customers and potential customers, as well as the general public at large.

20.    To create and maintain such goodwill among its customers, SharkNinja has taken substantial steps to ensure that products bearing the SharkNinja Marks are of the highest quality. As a result, the SharkNinja Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

21.    As a result of, *inter alia*, the care and skill exercised by SharkNinja in the conduct of its business, the high quality of the goods sold under the SharkNinja Marks, and the extensive advertising, sale, and promotion by SharkNinja of its products, the SharkNinja Marks have acquired secondary meaning in the United States and the world, including this District.

22.    SharkNinja is not affiliated with Defendant, and Defendant is not authorized to use the SharkNinja Marks.

***SharkNinja Products***

23.    SharkNinja is recognized throughout Massachusetts, the United States, and the world as a leading manufacturer of household and cleaning products and accessories.

24.    SharkNinja sells its products to consumers through a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

25.    Only SharkNinja products purchased from SharkNinja directly, or through an Authorized Internet Reseller, qualify for SharkNinja's warranty policies (the "SharkNinja Warranties").

26.    For example, the Shark One (1) Year Limited Warranty states:[1]

## ONE (1) YEAR LIMITED WARRANTY

The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

27.    As another example, the NINJA One (1) Year Limited Warranty contains nearly identical language:[2]

## ONE (1) YEAR LIMITED WARRANTY

The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

28.    Through advertising and promotional efforts, customers throughout Massachusetts, the United States, and the world recognize the SharkNinja name and logo, upon which they rely for high quality products and attentive customer service.

29.    SharkNinja has invested and has expended significant time and effort in advertising and promoting its SharkNinja Products and developing its Authorized Internet Reseller Network. As a result of such advertising and promotion, SharkNinja has established substantial goodwill and widespread recognition in the SharkNinja Products, which have become associated exclusively with SharkNinja and its products by both customers and potential customers, as well as with the general public at large.

---

[1] *Available at*: https://www.sharkclean.com/warranty/1-year-limited-warranty/
[2] A*vailable at*: https://www.ninjakitchen.com/warranty/1-year-limited-warranty/

***Defendant's False Advertising and Other Misconduct***

30.     SharkNinja has never authorized or otherwise granted Defendant permission to sell SharkNinja Products.  Defendant is not an Authorized Internet Reseller of SharkNinja Products.

31.     Despite this, Defendant is currently offering for sale and selling SharkNinja Products on various online commerce sites including, but not limited to, Amazon.com, using the seller name "thehappystore."

32.     The SharkNinja Products that Defendant offers for sale and sells online are falsely advertised as being in "new" condition.

33.     By advertising and offering for sale SharkNinja Products as "new" on Amazon.com, Defendant is representing to consumers that the SharkNinja Products they purchase from Defendant are protected by the SharkNinja Warranties.  However, only SharkNinja Products purchased directly from SharkNinja or an Authorized Internet Reseller qualify for the SharkNinja Warranties.  SharkNinja has never authorized Defendant to resell its products and Defendant is not an Authorized Internet Reseller of SharkNinja Products.  Therefore, the SharkNinja Products Defendant offers for sale and sells are not "new" and covered by the SharkNinja Warranties as advertised.

34.     Further, despite advertising and offering for sale SharkNinja Products in "new" condition, the SharkNinja Products Defendant actually sells and delivers to consumers are, in fact, used and/or returned products in damaged condition or products bought at liquidation, rather than in "new" condition.

35.     Additionally, Defendant advertises one SharkNinja Product on Amazon.com and actually sells and delivers to consumers a different SharkNinja Product.

36.    Specifically, in a test buy, SharkNinja purchased from Defendant products advertised as a certain SharkNinja Product and received a different SharkNinja Product.

37.    For example, Defendant fulfilled an order for the ES601 model with the ES6550 model and an order for the FS301 model with the FS305CO model.

38.    Defendant intentionally advertises and sells SharkNinja Products in ways that are likely to deceive consumers and create consumer confusion.

39.    Defendant's continued advertisement, display, and sale of SharkNinja Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, SharkNinja and its relationships with consumers and its Authorized Internet Resellers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

40.    Defendant's actions substantially harm SharkNinja by placing falsely advertised, used and/or returned, and unwarranted SharkNinja Products into the stream of commerce in the United States.

41.    Defendant's advertisement and sale of used and/or returned SharkNinja Products in damaged condition that have been purchased and sold once previously is likely to cause—and has caused—consumer confusion and disappointment regarding SharkNinja's sponsorship or approval of those products.

42.    Finally, Defendant's sale of SharkNinja Products without the corresponding SharkNinja Warranties is likely to cause—and has caused—consumer confusion and disappointment regarding SharkNinja's sponsorship or approval of those products.

43.    Defendant's actions substantially harm SharkNinja and consumers who ultimately purchase Defendant's used and/or returned, unwarranted, and falsely advertised SharkNinja Products believing them to be "new" products protected by the SharkNinja Warranties, as they

would receive from SharkNinja or an Authorized Internet Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

44.    Defendant's actions also substantially harm SharkNinja and consumers who ultimately purchase Defendant's used and/or returned, unwarranted, and falsely advertised SharkNinja Products believing to be buying one SharkNinja Product and receiving a different SharkNinja Product. Defendant's actions cause consumers to not receive the product he or she intended.

45.    Defendant's conduct results in consumer confusion as well as the dilution of SharkNinja's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

46.    The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. Specifically:

★☆☆☆☆    "BUYER BEWARE THIS AN UNAUTHORIZED DEALER…..This seller did nothing to help resolve an issue of a $500 item purchased with them. So basically we are out $500 cause they want to play the blame game on who owes us the money. Terrible customer service and then they just ghost you!!!! "
Read less
By lisa on June 11, 2025.

★☆☆☆☆    "Ordered new Ninja ($303), but rcvd used unit … tried to return … rcvd message from their return facility saying we returned the wrong unit, the one we returned doesn't match the serial number on the unit … they wanted me to send them a return label to mail it back to me. They were going to be nice & give me back $163.00 & charge me $140 restocking fee. DO NOT ORDER FROM THIS COMPANY!!! "
Read less
By Amazon Customer on November 18, 2024.

★☆☆☆☆    "Used and defective item shipped and sold as new. Should be banned from Amazon all together. DONT BUY FROM THIS PEOPLE! "
By trustyourself23 on September 30, 2024.

★☆☆☆☆   "This is not what I ordered. I ordered the Ninja CFP201 but I recieved the Ninja CFP400 which is less expensive than the CFP201. Not happy."

By Douglas F. on December 23, 2024.

47.    The sale of SharkNinja Products by unauthorized resellers, such as Defendant, interferes with SharkNinja's ability to control the quality of SharkNinja Products sold to consumers.

48.    Defendant's conduct results in the lessening of sales of authorized and properly advertised SharkNinja Products to the detriment of SharkNinja.

49.    Defendant's conduct results in the lessening of sales of "new" SharkNinja Products to the detriment of SharkNinja.

50.    As a result of Defendant's actions, SharkNinja is suffering the loss of substantial goodwill and widespread recognition in the SharkNinja brands and SharkNinja Products.

51.    Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to SharkNinja's irreparable harm.

### COUNT I
### Unfair Competition / False Advertising in Violation of 15 U.S.C. § 1125(a)

52.    SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.    This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

54.    The SharkNinja Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing SharkNinja's products and services.

55.    SharkNinja engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the SharkNinja Marks, throughout the United States.

56.    By advertising or promoting products using the SharkNinja Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of their goods and services in violation of 15 U.S.C. § 1125(a).

57.    Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to SharkNinja and its goods and services, and/or falsely represent the nature, qualities, and characteristics of the SharkNinja Products sold by Defendant in violation of 15 U.S.C. § 1125(a).

58.    Defendant's advertisement and sale of SharkNinja Products as alleged herein constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

59.    Defendant's advertisement and sale of SharkNinja Products as alleged herein intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services. Specifically, Defendant's unauthorized advertisement and sale of SharkNinja Products intentionally misrepresents to consumers that Defendant's SharkNinja Products are "new" products protected by the SharkNinja Warranties and/or consumers will receive the specific SharkNinja Product ordered.

60.    Defendant's advertisement and sale of SharkNinja Products as alleged herein creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and

Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to SharkNinja's goodwill and reputation in the SharkNinja brands and SharkNinja Products, for which SharkNinja has no adequate remedy at law.

61.     Defendant's advertisement and sale of SharkNinja Products to mislead and deceive consumers into believing that the SharkNinja Products sold by Defendant are "new" and covered by the SharkNinja Warranties demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the SharkNinja brands and SharkNinja Products, thereby causing immediate, substantial, and irreparable injury to SharkNinja.

62.     As a direct and proximate result of Defendant's actions, SharkNinja has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, SharkNinja's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, SharkNinja is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

63.     SharkNinja is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

64.     SharkNinja is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition Under G.L. c. 93A

65.     SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.     SharkNinja and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

67.     As detailed above, Defendant's continued trademark infringement and false advertising of SharkNinja products constitutes an unfair and deceptive business practice.

68.     Defendant's acts have irreparably harmed SharkNinja and, unless enjoined, will continue to do so in a manner affording SharkNinja no adequate remedy at law.

69.     Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff SharkNinja Operating LLC prays for judgment in its favor and against Defendant Prysm Goods providing the following relief:

A.     Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

   i.     using, or attempting to use, any of the SharkNinja intellectual property;

   ii.    acquiring, or taking any steps to acquire, any SharkNinja Products;

   iii.   selling, or taking any steps to sell, any SharkNinja Products;

   iv.    engaging in any false or misleading advertising with respect to SharkNinja products, which relief includes, but is not limited to, prohibiting the offer for sale or sale of any SharkNinja products;

   v.     engaging in any activity constituting unfair competition with SharkNinja; and

   vi.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B.    Adjudge Defendant to have violated 15 U.S.C. § 1125(a) by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the SharkNinja products sold by it;

C.    Adjudge Defendant to have violated Mass. Gen. Laws ch. 93A;

D.    Award SharkNinja its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

E.    Award SharkNinja Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

F.    Award SharkNinja its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

G.    Award SharkNinja pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.    Award SharkNinja the costs incurred in bringing this action; and

I.    Grant SharkNinja such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

SharkNinja hereby requests trial by jury on all claims so triable.

Respectfully submitted,

SHARKNINJA OPERATING LLC

by its attorneys,


*/s/    Morgan T. Nickerson*
Morgan T. Nickerson (BBO#667290)

morgan.nickerson@klgates.com
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Tel:  (617) 261-3100
Fax:  (617) 261-3175

Dated: September 15, 2025